IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Antwon Harmon, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:26-cv-1124-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Alexis McElrath, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon Plaintiff Robert Antwon Harmon's("Plaintiff") *pro se* complaint alleging a violation of his civil rights. In accordance with Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On May 11, 2026, Magistrate Judge Kaymani R. West issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss Plaintiff's complaint without issuance and service of process because Plaintiff's claims against Defendant Alexis McElrath ("McElrath") relate to her judicial actions, entitling her to absolute judicial immunity. (ECF No. 17.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. On May 26, 2026, Plaintiff filed objections to the Report, and the matter is ripe for review. (ECF No. 19.)

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court

is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

In her Report, the Magistrate Judge outlined Plaintiff's allegations, noting that Plaintiff's claims all relate to Defendant McElrath's judicial actions, and the Magistrate Judge ultimately found that Plaintiff's complaint should be summarily dismissed because Defendant McElrath is entitled to absolute judicial immunity.

In his objections to the Magistrate Judge's Report, Plaintiff asserts that Defendant McElrath is not entitled to judicial immunity because she acted with improper intent and abandoned her neutral and detached function when she signed the warrant and the bond for Plaintiff at the exact same time. (ECF No. 19 at 1.)

After careful consideration of Plaintiff's objections, and after *de novo* review of the record, the Court finds that the Magistrate Judge properly analyzed Plaintiff's claims and correctly determined that Plaintiff's complaint is subject to dismissal because Defendant McElrath is entitled to absolute judicial immunity from Plaintiff's claims arising out of her judicial actions. Thus, the Court finds Plaintiff's objections entirely unavailing, and the Court adopts in full the Magistrate Judge's Report.

## CONCLUSION

For the foregoing reasons, the Court adopts the Magistrate Judge's Report (ECF No. 17); the Court overrules Plaintiff's objections (ECF No. 19); and the Court dismisses

this action without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 9, 2026
Charleston, South Carolina